UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER GREHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-138 |
| ) | (VARLAN/GUYTON) |
| AMERICAN HOLIDAY VAN LINES, ) | |
| INC., DAVID BUHL, and GARY MAPLES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on defendants' Motion to Dismiss [Doc. 2]. The motion has been fully briefed [Docs. 3, 9, 10, 13] and is ripe for determination. The Court has carefully considered the pending motion along with the relevant pleadings in light of the entire record and controlling law.

For the reasons set forth herein, the defendants' motion will be **GRANTED in part** and **DENIED in part as moot**.

**I.     Relevant Facts**

Plaintiff Jennifer Grehan filed this case against defendants American Holiday Van Lines, Inc., David Buhl, and Gary Maples in the Chancery Court for Knox County, Tennessee. Plaintiff asserted claims of fraudulent conversion, violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, *et seq*., negligence, and

breach of contract. [Doc. 1, Complaint at ¶¶ 7-10.] Plaintiff's claims relate to American Holiday's interstate shipment of plaintiff's household goods in September 2004. The defendants timely removed the case to this Court on the grounds that plaintiff's claims are governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

**II.    Analysis**

    A.    Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

B.  <u>Defendant's Motion to Dismiss</u>

Defendants filed the pending motion to dismiss on March 15, 2005, asserting that all of plaintiff's claims were preempted by the Carmack Amendment and therefore should be dismissed [Docs. 2, 3]. Plaintiff was then granted leave to amend her complaint and, on April 14, 2005, filed an Amended Complaint which asserted claims under the Carmack Amendment and the TCPA. [Doc. 12 at ¶¶ 7-8.]

In response to the motion to dismiss [Doc. 10], plaintiff argues that the Amended Complaint cures the preemption issue and properly states a cause of action under the Carmack Amendment. Plaintiff also contends that her TCPA claim is not preempted by the Carmack Amendment. Defendants agree that plaintiff's claims for negligence, conversion, and breach of contract have been properly stricken. However, defendants argue that plaintiff's TCPA claim is clearly preempted by the Carmack Amendment as decided by this Court in *Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724, 725 (E.D. Tenn. 1993). [Doc. 13.]

Based on the filing of plaintiff's Amended Complaint, plaintiff is no longer asserting claims for negligence, conversion, and breach of contract. Therefore, defendant's motion to dismiss is moot with respect to those claims.

It is well settled that the Carmack Amendment preempts state common law and statutory causes of action relating to the shipment of goods by interstate carriers. *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972). The Court has found no controlling or

3

persuasive authority to suggest that plaintiff's claims under the TCPA should not also be preempted by the Carmack Amendment. Therefore, in accordance with this Court's precedent in *Malone*, the defendants' motion to dismiss should be granted in part.

### III. Conclusion

For the reasons set forth herein, defendants' motion to dismiss [Doc. 2] is hereby **GRANTED in part** and plaintiff's TCPA claim is **DISMISSED with prejudice**, and **DENIED in part as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE